The next case this morning is number 518-0365, People v. White. Arguing for the appellant, Andre White, is Catherine Oberer. Arguing for the appellate, People of the State of Illinois, is Michael Lennox. Each side will have up to 10 minutes for their argument. The appellant will also have five minutes for rebuttal. You'll see the digital timekeeping device on my screen. Time has expired. I'll hit the gavel. Please remember only the clerk is permitted to record these proceedings today. I just want to make sure we're now discussing the case of People v. Andre White, 518-0365. Is that correct, counsel? Yes, your honor. Good morning. Thank you. Good morning. Counsel for appellant may begin. It's over. Good morning, your honors, and may it please the court. My name is Catherine Oberer from the Office of the State Appellate Defender. Appearing on behalf of the appellant today, Mr. Andre White. I would like to please reserve five minutes for rebuttal. Okay. Thank you. The issue before the court today is whether post-conviction counsel performed reasonably when representing Andre White on post-conviction proceedings where he challenged the constitutionality of his life sentence for a crime that was imposed when he was a 20 year old young emerging adult. Counsel did not perform reasonably for four reasons. First, counsel did not review the necessary parts of the record, namely the present sentence investigation report in violation of Rule 651C. Second, counsel did not adequately present the claim in the post-conviction petition where he did not raise an as-applied constitutional challenge. Third, counsel did not set any case law in support of his amended post-conviction petition. And fourth, counsel did not include any facts about Mr. White in order to adequately present the as-applied constitutional challenge. And for these reasons, Mr. White will be asking this court to conclude that counsel performed unreasonably and remand for further second stage proceedings with new counsel. Turning to the first concern with counsel's performance, counsel did not represent Mr. White on his post-conviction claim. Rule 651C states that counsel must review the trial record when appearing in post-conviction proceedings. And that means the necessary parts of the record. And the record suggests that he did not review the PSI in the sentencing case. When he requested specific counsel. Yes, your honor. The record suggested he did not review the PSI. Now, was it absolutely certain and shown conclusively that counsel did not review the pre-sentence investigation? Well, there are 651C certificates in the record indicating that counsel reviewed the entire record of proceedings. But counsel's comments and other actions in the records show that he did not. There was a memorandum that counsel sent to the clerk requesting specific documents to review. Counsel did not request the common law record and he did not specifically request the PSI. And most significant here is when counsel actually appeared in circuit court to discuss the amended petition. He stated on the record that he did not believe that there was a PSI, showing that he did not review that necessary document in the sentencing challenge. Was there anything in the PSI, the pre-sentence investigation, that would have helped the defendant? In my review of what was contained there, it actually was evidence that might contradict the defendant's contentions. Well, that just went, I guess, specifically in Rule 651C, counsel has to review the information in it that helps that gets to, I guess, the meat of the as-applied constitutional challenge. To make an as-applied constitutional challenge to a life sentence for a young emerging adult, you have to include facts about the defendant. In Mr. White's case, there was information in the PSI that counsel could have used to show that his brain development was more of a juvenile rather than adult. There was indication that his father actually was absent from his life and was living in Texas. That was in the PSI. Also in the PSI, there was information that Mr. White had been exposed to incarceration at a very young age. As a juvenile, beginning at age 15, he was in juvenile detention center and then was sent to adult IGOC at age 17. And the evolving science on juvenile maturity and brain development, which is cited in the briefs, shows that exposure to incarceration at a young age is something that can slow brain development and make someone more like a juvenile than an adult. That is some of the information in the PSI that could have been used. And that goes to, I guess, the final three concerns with counsel's performance here, that he needed to adequately shape the claim in Mr. White's petition into proper legal form to raise an as-applied challenge. Courts at the time that counsel was representing Mr. White suggested that this was basically the way to challenge the constitutionality of a life sentence for young adults. That's the case of People v. Thompson, Illinois Supreme Court case, which says that you can't exclusively rely on this science. You have to actually take evidence about the specific defendant before the court and show that it applies to that defendant. The PSI can help with that. Also, there are two examples of the Illinois Appellate Court that were available at the time counsel represented Mr. White, People v. House, the 2015 case, and People v. Harris, the 2016 case, where when the courts was applying the facts about a petitioner to show whether or not there was an as-applied challenge, the court specifically looked to the PSI. Those factors included from the PSI, that necessary information, as I mentioned, was information about the defendant's family upbringing and family structure, information about that particular defendant's criminal history, information about the defendant petitioner's education, and information about the specific facts of the crime. What about the hearing did you find defective? I mean, this was a second stage hearing on the post-conviction petition, right? Correct. Yes, we're at the second stage. So you're saying that all of this information you've just described should have been produced at the hearing and none of it was produced? None of it was used in the amended petition at all. It's a pretty brief petition. It's three pages long and then attachments of these articles. At the hearing, this information was not provided because counsel said that he didn't believe there was a PSI. So it wasn't provided. The other information that wasn't provided are the details about Mr. White that he himself included in the pro se post-conviction petition, more information about his backgrounds, struggles that his mother had with addiction was not discussed at the hearing, more information about the types of crimes that Mr. White has committed and his exposure to incarceration was not presented at the hearing. Information about the homes that he lived in was in the pro se PSI but was not discussed in the amended petition or at the second stage hearing. Yes. Can counsel substantially comply with rule 651? Counsel can, yes. It's okay for substantial compliance if he files an affidavit on that? So the affidavit or I guess the certificates, I'm guessing your honor is asking about, the certificates can indicate compliance. That is true. But the record rebutts that there was actual compliance here. Again, the indications where he didn't request a PSI and told the court that he didn't think there was one. When you look at the petition itself, the only way to raise an as-applied constitutional challenge or to raise a constitutional challenge to a life sentence for an emerging adult is an as-applied challenge. The language as-applied does not appear in the amended petition. The cases that I mentioned, Thompson, House, and Harris do not appear in the petition. The amended petition, the facts about Mr. White that could have been used to show an as-applied challenge do not appear in the amended petition. So all four of these things rebut any presumption by the filing of the certificates that there was compliance with Rule 651C. And if there are no further questions from this court. I have one. Yes. If the failure to mention as-applied is such a big issue, what about the fact that a post-conviction judge reviewed the transcript and found that the trial judge substantially considered some of the factors that probably you are concerned with in making a sentence? Two things in response to that. First, if counsel doesn't comply with Rule 651C, the Illinois Supreme Court in People v. Suarez in this court in Wallace said, you can't make a merits determination. It's premature. Second, the court wasn't looking at a framed as-applied claim, the circuit court here, because counsel didn't present one. The Illinois Supreme Court in Thompson said that you can't just be exclusively relying on the science of juvenile maturity and brain development to get to the Miller factors before you even get there. You have to show facts that those factors would even apply to a particular petitioner. So, again, I see that my time is up. If the court has any further questions, I hope that answers your question. I'd be happy to answer others. And if not, thank you. Mr. Wright would ask this court to amend further Second State Proceedings. Thank you. And, Ms. Sober, you'll have a few minutes after Mr. Lennox. Mr. Lennox? Thank you. Yes, Your Honor. Are you ready? Yes, Your Honor. I oppose the counsel, Your Honors, and may it please the court. My name is Michael Lennox, and I represent the state in this matter. Your Honors, this court should affirm the dismissal of the defendant's post-conviction petition because post-conviction counsel for the defendant did indeed provide reasonable assistance of counsel pursuant to Illinois Supreme Court Rule 651C. At a second stage post-conviction proceeding, the right to counsel is statutory, only requiring that counsel provide a reasonable level of assistance. This level of assistance is lower than is constitutionally required at trial or on appeal. Rule 651C requires that the record in post-conviction proceedings demonstrate that appointed counsel, one, has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, two, has examined the record of the proceedings at trial, and three, has made any amendments to the petition filed pro se that are necessary for an adequate presentation of petitioner's contentions. The defendant only met the requirements. Substantial compliance with Rule 651C is sufficient. In People v. Wallace, this court stated that post-conviction counsel need only make amendments that are necessary to adequately present the defendant's claims. Further stating that post-conviction counsel is under no obligation to amend the defendant's petition to advance meritless claims. The filing of a Rule 651C certificate gives rise to a rebuttable presumption that post-conviction counsel provided reasonable assistance, and it is the defendant's burden to overcome this presumption by demonstrating his attorney's failure to substantially comply. Your Honor, in reference to the second requirement of reviewing the record, as the defendant states in his brief, post-conviction counsel for the trial transcript, appellate orders and opinions, the pro se petition, and the defendant's location inmate number. However, there is nothing in the record to suggest that post-conviction counsel limited his review of the record to only those items. Even still, the defendant claims that because post-conviction counsel was briefly unaware of the defendant's pre-sentence investigation, that post-conviction counsel failed to examine the trial record. The defendant himself was unaware of a pre-sentence investigation and had in fact told his post-conviction counsel it did not exist. Post-conviction counsel not reading the pre-sentence investigation does not mean that he did not receive that information through some other means, and it's also not necessarily important to be able to amend a post-conviction petition. Further, Mr. Lennox, let me ask you a question. The as-applied challenge that the defendant wanted to make, was there any evidence of that during the hearing, the emerging adult information as you would call it? I'm sorry, Your Honor, could you maybe rephrase the question? Did post-conviction counsel present any evidence that would sufficiently apply to an as-applied challenge for an emerging adult? That is factual evidence. Your Honor, I believe what post-conviction counsel presented was the all but one of the same articles that the defendant himself had presented in his pro se claim, and then I believe subsequently he provided some supplemental authority to that in House Harris, and I believe there was one other case. What about the defendant himself and his character and his circumstances? In terms of this as-applied challenge, Your Honor, at the time I believe House was about to, well it was in the Supreme Court waiting to be heard or something to that effect, I'm sorry. So to the effect of the as-applied challenge, the asserting that someone over the age of 18 even qualified for this as-applied challenge wasn't necessarily... What about Harris? Harris, Your Honor, I'm sorry. People versus Harris. You asked what about Harris? Had that been decided yet? So it hadn't been decided, I believe it was, like, writ had been accepted, Your Honor, and so it was, but the point is at the time there were a couple appellate or the first district appellate court had considered people above the age of 18 and I believe only two cases and those cases subsequently were overturned in the Supreme Court after this instance. So this as-applied challenge, as I said, the post-conviction counsel did provide a, like, supplemental authority to this. I understand the authority. What I'm asking is the defense says there were no factual basis to go along with the authority. Nothing was presented about the defendant. Do you agree with that or disagree? Your Honor, I'm not sure if... So in my understanding of this, to provide a factual basis for someone who was 20 years old at the time the crime was committed when trying to apply the case law that was only applying to juveniles, I mean, I'm sorry, Your Honor. I didn't say anything. I thought Justice Welch had said something. To provide any factual basis, my understanding was that he did indeed provide factual basis, but these cases, Miller, Roper, Graham, cannot apply to someone that's above 18 years old. So you think this was a frivolous claim anyway? Indeed, Your Honor. Yes. And in that, the post-conviction counsel could not assert a meritless claim by his own standards. But in terms of that third requirement that Your Honor mentioned, the defendant also argues that post-conviction counsel did not adequately amend the defendant's claims. And as I stated, at the time the defendant killed Michael Hetlage by forcing him to strip naked and lay face down in an alley and shooting Mr. Hetlage in the back of the head six times after the defendant had told Mr. Hetlage that he didn't care that the victim had a physically disabled wife and three children, the defendant was a 20-year-old adult male who had recently been released from prison less than two months earlier for armed robbery. As such, the constitutional violations that counsel asserted in the defendant's amended post-conviction petition were appropriate for an adult defendant. The case law from the Supreme Court case of Miller v. Alabama is clear when it states Roper and Graham established that children are constitutionally different from adults for purposes of sentencing. Further, our Supreme Court in People v. Harris reviewed juvenile sentencing jurisprudence and stated the Supreme Court has never extended its reasoning to young juveniles as individuals under 18. The court went on to conclude that though age 18 was not based primarily on scientific research, a line must be drawn. And the Supreme Court also vacated People v. House and directed appellate courts to consider the effects of the court's opinion in Harris. And finally, your honors, judicial economy should be considered here as well. Where the defendant is asking this court to remand the case for post-conviction counsel, not initially including the appellate cases of House and Harris, even though the Supreme Court has vacated both decisions and the defendant's post-conviction argument will fail if remanded. But if, your honors, I see that time is up. And for those reasons, I would ask that you dismiss the defendant's post-conviction petition. Thank you. Thank you, Mr. Lemus. Ms. Ofer. Yes, thank you, your honor. I just have a couple brief points and then I'll answer any questions. I did just want to clarify the state of the law with regards to as applied constitutional challenges to life sentences for young adults at the time that counsel was representing Mr. White. Counsel represented Mr. White in 2017 and 2018 in the circuit court here. The Illinois Supreme Court had already decided People v. Thompson in 2015, where it specifically considered an as applied constitutional challenge to a life sentence for a young adult. And it said that that is a claim that needed to be raised as an as applied claim and said that it could be raised in a post-conviction petition that was already decided and available to post-conviction counsel. At the time that the case was in the circuit court here, People v. House had found an as applied constitutional violation in 2015 for a young emerging adult. That's the procedural posture, as I mentioned in the briefs, has changed, but that is still the law in People v. House. In People v. Harris, again, there was an as applied constitutional violation found for a young emerging adult in 2016. And when it went up to the Supreme Court, the court reiterated that the raising an as applied claim is how these things need to be presented, that there need to be facts about the defendant petitioner presented to the circuit court so that that can be developed. And getting back to your counsel's question about the facts that were presented here, there aren't these specific facts to show that Mr. White was, whether he was more like a juvenile or an adult in the amended petition that counsel filed, there weren't, I believe the hearing your honor was asking about is the April 2018 hearing on the petition, there weren't specific facts about Mr. White presented to show whether he was like, more like a juvenile, more like an adult presented at that hearing, which shows that counsel did not comply with rule 651c and shape the claim into adequate legal form. Let me ask a question, Ms. Obert. This was a pro se petition that originally got filed, correct? Yes. Yes. The claim in the pro se petition was that the 20-year-old objected to his sentence because as applied to him, it violated the Eighth Amendment and proportionate penalties clause. Yes, there were several constitutional challenges cited the Eighth Amendment, cited the Illinois proportionate penalties clause, he also called it the rehabilitation clause, and he specifically said that the sentence was unconstitutional as applied to him. That's in the pro se petition that Mr. White filed. So other than those claims, which would have been advanced to a second stage by the court at that time, were there any other claims that we could say presented the gist of a claiming? So the court just advanced the petition to the second stage. It didn't specifically say which claim it thought should advance. I believe there were just sentencing challenges in Mr. White's pro se post-conviction petition. So the issue would be whether counsel adequately presented those sentencing challenges, constitutional sentencing challenges, specifically an as-applied challenge. And the Supreme Court in Suarez said that if he did not, it's premature to address the merits. This court should remand for further second stage proceedings with a new counsel where they can review the necessary parts of the record and adequately present the claim. And if there are no further questions, we thank you for your time. Justice Walsh? No questions. Justice Wharton? No questions. Okay. Thank you both for your arguments. This matter will be taken under advisement. We'll issue an order in due course. Thank you. Thank you.